J-A06027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HAROLD KUPERSMIT | |
| Appellant | No. 1475 EDA 2014 |

Appeal from the Order Entered April 8, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007095-2013

BEFORE: PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 19, 2015**

Harold Kupersmit appeals *pro se* from the order entered April 8, 2014, in the Court of Common Pleas of Bucks County, which denied his motion for writ of *habeas corpus*. Because meaningful appellate review is precluded by Kupersmit's defective brief, we quash the appeal.

The trial court set forth the factual and procedural background as follows:

> On September 5, 2013 at approximately 4:30 p.m., [Kupersmit] telephoned Pennsylvania District Court 07-1-12, in which Magisterial District Judge Joseph Falcone sits, identified himself to court staff member Kathleen Riccio, and stated that "[his upcoming preliminary hearing] is going to be explosive with lots of guns, and they better have lots of security the day of the hearing." (Affidavit of Probable Cause, September 11, 2013 ("Aff.")). Thereafter, on September 9, 2013 he informed court staff member Susan Wagner that "The judge better recuse himself from the proceedings on the 25[th] on this month pertaining to the casino. GOT IT?" (Aff.) Although [Kupersmit]

did not identify himself on this specific occasion, Ms. Wagner is familiar with [Kupersmit]'s voice due to prior communications. (Aff.)  According to the Affidavit of Probable Cause, [Kupersmit] also sent numerous letters to the court accusing Judge Falcone of "not doing his duty as a judge" and [Kupersmit] has "been investigated on prior occasions for threatening public officials." (Aff.)

On September 11, 2013, [Kupersmit] was charged with Terroristic Threats[1] and Harassment.[2]  On October 23, 2013 at [Kupersmit]'s preliminary hearing, the summary charge of Defiant Trespass[3] was added to the complaint.[4]  [Kupersmit] waived his preliminary hearing and the case was transferred to this Court.

[Kupersmit] entered into an open guilty plea to all charges on January 7, 2014.[5]  On March 10, 2014 he was sentenced to not less than two (2) months nor more than twenty-three (23) months' incarceration on Terroristic Threats with a two (2) year period of probation to be served consecutive to his parole.  We ordered that he immediately be screened for house arrest and work release.

[Kupersmit] filed a "Motion for Writ of Habeas Corpus" on March 19, 2014.[6]  In this Motion, [Kupersmit] challenges the fact that he was denied house arrest and claimed that, due to a medical condition for which he required immediate surgery, he was essentially given a "death sentence by the Court." However, we later granted [Kupersmit]'s Motion for Medical Furlough to take care of this medical issue on April 8, 2014.  On this same date, we denied [Kupersmit]'s Motion for Writ of Habeas Corpus.

[1]  18 Pa.C.S. § 2706(a)(1).

[2]  18 Pa.C.S. § 2709(a)(3).

[3]  18 Pa.C.S. § 3503(b)(1)(i).

[4]  The Defiant Trespass charged stemmed from [Kupersmit]'s trespass of Parx Casino in Bensalem, Bucks County, PA.  This underlying offense was the basis for [Kupersmit]'s threatening telephone calls to Magisterial District Judge Falcone's staff.  Based on said threats, the

charge was transferred to a different Bucks County district court and thereafter added to this complaint at the preliminary hearing.

[5] We questioned [Kupersmit] extensively about his desire to proceed *pro se*. As we recall, he insisted that he was capable of presenting his issues himself. We were careful to inform him of his rights as well as instruct him that he would be held to the same standard as a lawyer and would be expected to comport himself with dignity in court.

[6] For the sake of brevity, we will not list in detail the volume of indecipherable and seemingly irrelevant letters and other filings of [Kupersmit] in connection with this case, all of which are contained in his Clerk of Courts file.

[Kupersmit] filed a Notice of Appeal to the Superior Court on April 16, 2014.[7]

[7] [Kupersmit] has yet to serve us with his Notice of Appeal. We did not become aware of [Kupersmit]'s appeal until we received the docketing statement from the Pennsylvania Superior Court on May 21, 2014. Pursuant to the Pennsylvania Rules of Appellate Procedure ("Pa.R.A.P."), an appellant is required to "serve copies [of the notice of Appeal pursuant to Pa.R.A.P. 905], and of any order for transcript, and copies of proof of service showing compliance with the rule, upon: the judge of the court below, whether or not the reasons for the order appealed from already appear of record. Pa.R.A.P. 906(a)(2).

Trial Court Opinion, 7/16/2014, at 1-3.

Before we may address the merits of the appeal, we note that appellate briefs must substantially conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. Chapter 21. "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Commonwealth v. Adams*, 882 A.2d 496, 497 (Pa.

Super. 2005). Furthermore, it merits mention that Kupersmit's *pro se* status does not excuse his failure to comply with the rules of appellate practice. ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005); ***see also Adams***, 882 A.2d at 498 ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.").

The Pennsylvania Rules of Appellate Procedure set forth the following requirements regarding the content of an appellant's brief:

> **Rule 2111. Brief of Appellant**
>
> **(a) General rule.** – The brief of the appellant, except as otherwise prescribed by these rules, **shall** consist of the following matters, separately and distinctly entitled and in the following order:
>
> (1) Statement of jurisdiction.
>
> (2) Order or other determination in question.
>
> (3) Statement of both the scope of review and the standard of review.
>
> (4) Statements of the questions involved.
>
> (5) Statement of the case.
>
> (6) Summary of argument.
>
> (7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
>
> (8) Argument for appellant.
>
> (9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a)(1-11) (emphasis added). "Additionally, Rules 2114 through 2119 specify in greater detail the material to be included in briefs on appeal. *See* Pa.R.A.P. 2114-2119." *Adams*, 882 A.2d at 498.

Turning to the present matter, Kupersmit's failure to adhere to Rules 2101-2119 is extensive. Indeed, his brief lacks the statement of jurisdiction, the order in question; statement of both the scope of review and the standard of review; summary of the argument; argument for appellant; and a copy of the statement of errors complained of on appeal, all in contravention of Rule 2111(a).

Moreover, Kupersmit's statement of the case contains rambling references to "the Fitzpatrick Affair," bankruptcy, trial counsel's failure to "protect [Kupersmit]'s interests," "the Casey Affair," "treatment that the 'grandkids' are receiving as public policy," and the district attorney's concern only "with his conviction rate; not equity, justice or fairness." Kupersmit's Brief at 1-3. Likewise, his "issues to be presented for review" include the following: (1) "regulatory capture;" (2) "PARX's ability to issue arrest warrants;" (3) violations committed by the Bucks County District Attorney, Department of Corrections, and the Criminal Division of the Bucks County

- 5 -

Court of Common Pleas; (4) ineffective assistance of counsel; (5) *pro se* rights; (6) "subpoena power;" (7) "transcript power;" (8) probation; and (9) "gag order." *Id.* at 3-4.

Most notably, there is no argument section in the appellate brief besides what we observe as Kupersmit's bald assertions in his "issues to be presented for review" section. He does not cite authority, make reference to the record, give a synopsis of the evidence, or state where he preserved these issues. *See* Pa.R.A.P. 2119(b-e). As such, we are confounded as to what errors he claims the trial court committed based on the lack of any cogent legal argument.

While we recognize that Kupersmit is acting *pro se*, we emphasize that his status as a *pro se* litigant does not relieve him of his responsibility to conform to the applicable rules. Accordingly, because there are substantial defects in Kupersmit's brief that preclude us from conducting a meaningful judicial review of his purported issues, we are compelled to quash this appeal. *See*, *e.g.*, *Branch Banking & Trust v. Gesiorski*, 904 A.2d 939 (Pa. Super. 2006) (appeal quashed because of deficiencies in the appellant's *pro se* brief that prohibited the court from discerning what issues the appellants wished to raise or the arguments they wanted to present to the appellate court); *Smathers v. Smathers*, 670 A.2d 1159 (Pa. Super. 1996) (appeal quashed where the *pro se* brief violated Rule 2111 because it did not contain a statement of jurisdiction, reference to the order in question,

statement of questions involved, or summary of argument, and brief contained no organized and developed arguments, and even a liberal construction of the brief based on appellant's *pro se* status did not remedy the brief's shortfalls); **Commonwealth v. Maris**, 629 A.2d 1014 (Pa. Super. 1993) (appeal quashed because brief violated the rules of appellate procedure to a degree that precluded the court from conducting a meaningful review of appellant's claims).[1]

Appeal quashed. Oral argument in this matter scheduled for February 25, 2015 is CANCELLED.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2015

---

[1] Furthermore, we note that even if Kupersmit's brief was not defective, he would have waived all issues on appeal for failing to serve a copy of his Pa.R.A.P. 1925(b) concise statement on the trial judge, as required by Pa.R.A.P. 1925(b)(1). **See** Trial Court Opinion, 7/16/2014, at 3 n.8; **see also Commonwealth v. Schofield**, 888 A.2d 771 (Pa. 2005) (holding that the failure to serve the trial judge with a concise statement results in waiver of all issues on appeal).